**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| Ruthie McKinnie, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. |
| | ) | |
| Cook County & | ) | |
| Cook County Medical Examiner's Office | ) | |
| | ) | |
| Defendant. | ) | |

**AMENDED COMPLAINT FOR INJUNCTIVE RELIEF**

1.      This is an action under the the Freedom of Information Act 5 U.S.C. § 552,

for injunctive and other appropriate relief and seeking the disclosure and release of agency

records improperly withheld from plaintiff by defendant Cook County.

**Jurisdiction and Venue**

2.      This Court has both subject matter jurisdiction over this action and

personal jurisdiction over the parties 5 U.S.C. § 552(a)(4)(B). This court also has

jurisdiction pursuant to 28 U.S.C. § 1331. Venue lies in the district under 5 U.S.C. §

552(a)(4)(B).

3.      Plaintiff Ruthie McKinnie is the natural mother of decedent, Kelvin F.

Davis, and is considered as his next-of-kin by defendant Cook County.

4.      Defendant Cook County is a governmental entity situated in Cook County

and includes component entity Cook County Medical Examiner's Office.

**Nature And Acquisition of The Information And Documents Requested**

5.      On June 3, 2024, Kelvin F. Davis, while visiting an acquaintance, was found to be unresponsive. The acquaintance, Kieta Solan, called 911. The Chicago Police Department and Chicago Fire Ambulance were dispatched to the apartment. Kelvin F. Davis, was pronounced dead at the scene.

6.      Kelvin's body was transported to the Medical Examiner's Office for an autopsy, where Kelvin's body would sit unidentified for 39 days.

7.      On or about June 3, 2024, after not hearing from Kelvin, Ruthie McKinnie, began a desperate search for her son. She was very concerned as it was unusual for Kelvin to not respond or check in.  She, along with the help of her family, exhausted many avenues – calling friends, hospitals, shelters, jails and ultimately the Cook County Medical Examiner's Office multiple times describing her son great detail.

8.      On or about July 9th, 2024, Ruthie McKinnie filed a formal missing person's report with the Chicago Police Department, where she again described her son in  great detail.

9.      On or about, July 10th, 2024, she would receive a call from an Investigator Bryant from the Cook County Medical Examiner's Office notifying Ruthie McKinnie that the information from the missing person's report filed matched the remains being held there – notably a "Love Mom" tattoo, which positively identified Kelvin Davis.

10.     During the time Kelvin's body was in the custody of the Medical Examiner's office, certain documents, logs, fingerprints and other public documents were created.

**Plaintiff's FOIA Requests and Defendant's Failure to Respond**

11.     Plaintiff, through the undersigned counsel, made a FOIA Request through

the Cook County Office of the President on November 7, 2024.

12.     Plaintiff's request stated (in part) as follows:

This law office represents the family of Kelvin F. Davis. We kindly
request the complete LabLynx data file/records of decedent Kelvin
Davis

13.     A preliminary response was received from Rachel Dailey, Administrative

Assistant V & FOIA Officer, Office of the President, Cook County.  However, said

response was not complete.

14.     The undersigned counsel's office clarified the request via e-mail on

November 18, 2024 as follows:

To clarify, we are requesting the Lablynx data file/records
related to the decedent Kelvin F. Davis (DOD: 06/03/2024;
ME Case No.  ME2024-0300) which I know Cook County
Medical Examiner's Office is in possession of. Please forward
those documents – I will; however, accept the
clothing/personal affects inventory sheet as well.

15.     On December 4, 2024 Ms. Dailey responded via e-mail and requested

payment.  Additionally, she indicated that certain documents listed were contained in

LabLynx.

16.     On December 5, 2024, Counsel's office responded as follows:

While I understand the records you noted below are held in Lablynx. To
clarify further, I want *all* internal records associated with the deceased that are
held in the Office of the Medical Examiner Lablynx for Kelvin Davis,
DOD:06/03/2024, to be processed, which would include the chain of
custody documents (Example: "Evidence and/or Remains Chain of
Custody" , "Sample Chain of Custody", "Supplemental Notes", etc.)

17.     On December 16, 2024 Counsel's office followed up to this request, as no responsive documents were received.

18.     On January 10, 2025, Counsel's paralegal, Erin Dolezal spoke with Ms. Dailey and sent an e-mail regarding the request.  The e-mail states in part:

> We spoke on the phone after I received your response below as to the Lablynx files we are requesting specifically named Evidence and/or Remains Chain of Custody , Sample Chain of Custody, Supplemental Notes, I also want information as to when the decedent (Kelvin Davis - DOD:06/03/2024) was processed for finger printing and those results. You said that you would speak with Antonio and get back to me. I have not received any follow up or response back. Please advise

19.     On January 17, 2025, Ms. Dolezal sent the following e-mail to Ms. Dailey:

> Please see email below from 01/10/2025. Please advise. My request for documents is still pending – I have clarified the documents needed since the date of the original request submitted on November 7, 2024.

20.     To date the FOIA request has not been complied with.  The County has refused to provide a complete response.  On February 3, 2024, a heavily redacted document was received entitled "Supplemental Notes".

21.     Plaintiff demands a full unredacted and complete response to the FOIA request of November 7, 2024.

22.     Plaintiff has tried numerous times, through counsel, to seek redress by clarification, communication, and administrative redress with Defendant.

23.     Plaintiff has exhausted the applicable administrative remedies with respect to its FOIA request to the Defendant

24.     Defendant has wrongfully withheld the requested records from Plaintiff.

## Requested Relief

WHEREFORE, plaintiff prays that this Court:

A.      Order Defendants to disclose the requested records in their entireties and make copies available to Plaintiff;

4

B.      Provide for expeditious proceedings in this action;

C.      Award plaintiff its costs and reasonable attorney's fees incurred in this

action; and,

D.      Grant such other relief as the Court may deem just and proper.


Dated: February 10, 2025                              Respectfully submitted,


                                                      By:/s/ Christopher M. Jahnke
                                                      Attorney for Plaintiff

Christopher M. Jahnke (cmj@jtlawllc.com)
FRANKFORT LAW GROUP
10075 W. Lincoln Highway
Frankfort, IL 60423
Phone: (708)349-9333
ARDC: 6294347

5